

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIAM LUMUMBA ANDERSON, JR., pro se, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> BASEBALL CLUB OF SEATTLE, DBA Seattle Mariners; CITY OF SEATTLE; LARRY HARVEY; TIMOTHY RENIHAN, Officer; JOHN DOES, 1-10; TRENT BERGMAN; DAVID SULLIVAN, Officer; JUAN ORNELAS, Officer, <br><br> Defendants - Appellees. | No. 11-35152 <br><br> D.C. No. 2:09-cv-00850-RAJ <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Submitted October 8, 2013**
Seattle, Washington

Before: TASHIMA, GRABER, and MURGUIA, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

William Anderson appeals from the district court's order granting summary judgment in favor of the City of Seattle and other defendants.[1] Anderson argues that the City violated his due process rights by denying him a permit to sell tickets to Seattle Mariners baseball games and Seattle Seahawks football games. The district court granted summary judgment in favor of the defendants; we have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Anderson alleges violations of his constitutional rights under 42 U.S.C. § 1983. The statute of limitations for such a claim is borrowed from state law and begins to run when "the plaintiffs know or have reason to know of the injury that is the basis of their action." *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1058 (9th Cir. 2002). Under Washington law, the statute of limitations for an action for the taking of personal property or injury to other rights is three years. Wash. Rev. Code § 4.16.080(2). The City informed Anderson on or before January 24, 2005, that it would not issue the stationary vending permit for which he had applied. Anderson commenced suit on June 18, 2009. His action under 42 U.S.C. § 1983 is therefore late by more than a year.

---

[1] While Anderson's Notice of Appeal purports to relate to the district court's dismissal of claims against all defendants, his opening brief is limited to arguments against the City. We therefore dismiss the appeal with respect to The Baseball Club of Seattle L.L.P. d/b/a The Seattle Mariners and Larry Harvey.

Additionally, the record—including Anderson's interrogatory responses and his own deposition testimony—is uncontroverted that Anderson only applied for a stationary vending permit. Therefore, Anderson lacks standing to assert a claim based on the hypothetical denial of a mobile vending permit. *See Scott v. Pasadena Unified Sch. Dist.*, 306 F.3d 646, 656 (9th Cir. 2002) (the possibility of a future injury is insufficient to establish standing).

**AFFIRMED.**